IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL TURNER, | ) | CASE NO. 1:19-cv-1731 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| DAVID W. GRAY, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

### Introduction

Before me[1] is the *pro se* petition of Michael Turner for a writ of habeas corpus under 28 U.S.C. § 2254.[2] In 1982, pursuant to indictments by two grand juries, the Cuyahoga County Court of Common Pleas convicted Turner of rape, robbery, receiving stolen property, aggravated burglary, escape, and multiple counts each of murder, aggravated robbery, and felonious assault.[3] Turner is serving an aggregate sentence of 15 to 155 years. He is currently incarcerated at the Belmont Correctional Institution in St. Clairsville, Ohio.

The State has moved to dismiss Turner's petition as time-barred.[4] Turner has not responded to the State's motion.

For the reasons that follow, I recommend granting the State's motion and dismissing with prejudice the petition as time-barred.

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Christopher A. Boyko by non-document order dated July 31, 2019.
[2] ECF #1.
[3] *Id.* at 2.
[4] ECF #8.

# I. Facts

The record here is substantial, but the facts necessary to address the State's motion to dismiss are limited.

## A. Procedural history and direct appeal.

Turner was convicted, in two separate cases, in 1982. After reaching a plea deal, Turner pleaded guilty to reduced charges.[5] He was sentenced to a statutory minimum of 15 years, and a maximum of 155.[6] Turner did not timely appeal the conviction.[7] In fact, Turner filed no further documents in any court until over thirty years later.

In August 2015, Turner, *pro se*, appealed the 1982 judgment.[8] The Eight District Court of Appeals, *sua sponte*, dismissed Turner's appeal as untimely.[9] He did not timely appeal to the Ohio Supreme Court.[10]

## B. Postconviction motions.

In 2015, Turner also filed a *pro se* sentence contrary to law pleading in the trial court.[11] The trial court denied Turner's motion.[12] In May[13] and June of 2018,[14] Turner filed

---

[5] ECF #8-1 at 62-63.
[6] *Id.* at 63.
[7] ECF #8 at 4.
[8] ECF #8-1 at 75.
[9] *Id.* at 85.
[10] ECF #8 at 5.
[11] ECF #8-1 at 86.
[12] *Id.* at 91.
[13] *Id.* at 94.
[14] *Id.* at 98.

two plain error review pleadings, challenging the fact that his sentences were not merged. The trial court denied both motions.[15] Turner did not appeal either.[16]

Also in 2018, Turner filed a complaint against the Ohio Department of Rehabilitation and Correction and the Northern District of Ohio challenging his sentence and incarceration.[17] This Court, *sua sponte*, dismissed the complaint as an inappropriate alternative to habeas corpus, Turner's only proper remedy.[18] Turner did not appeal.[19]

In 2019, Turner appealed his original conviction to the Eight District Court of Appeals, arguing his sentence was contrary to Ohio law.[20] The court, *sua sponte*, dismissed for failure to timely appeal.[21] Turner filed a request for review of this *en banc* decision,[22] but the court denied his motion.[23] Turner appealed to the Ohio Supreme Court,[24] but the court declined to accept jurisdiction.[25]

---

[15] *Id.* at 107, 108.
[16] ECF #8 at 6.
[17] ECF #8-1 at 206.
[18] ECF #1-5 at 2.
[19] ECF #8 at 6.
[20] ECF #8-1 at 114.
[21] *Id.* at 176.
[22] *Id.* at 177.
[23] *Id.* at 179.
[24] *Id.* at 180.
[25] *Id.* at 192.

**C. Federal habeas corpus petitions.**

In 2016[26] and again in 2019,[27] Turner filed petitions for writ of habeas corpus in the Northern District of Ohio. In both instances, this Court dismissed his petitions for failure to exhaust available state remedies.[28] Turner did not appeal either decision.[29]

Turner, *pro se*, filed this federal petition for writ of habeas corpus, which this Court docketed on July 31, 2019. He raises four grounds for relief. Turner's grounds are, generally: violation of a sentencing statute, error in his initial competency hearing, error in not properly involving his parents, and a violation of the Ohio Constitution.[30]

## II. Analysis

**A. Standard of review – timeliness.**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[31] a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[26] *Id.* at 205.
[27] *Id.* at 208.
[28] *Id.* at 92-93, 112-113.
[29] ECF #8 at 5, 6.
[30] ECF #1.
[31] Pub. L. No. 104-132, 110 Stat. 1214.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[32]

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral review. A state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.[33] State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2).[34]

"The tolling provision does not, however, 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run."[35] Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.[36]

---

[32] 28 U.S.C. § 2244(d)(1).
[33] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).
[34] *See Allen v. Siebert,* 552 U.S. 3, 5-6 (2007) (per curiam); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-414 (2005); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).
[35] *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)).
[36] *Id.*

Since the AEDPA was enacted on April 24, 1996, courts have allowed a one-year grace period for cases decided before that date. That is, petitioners were allowed until April 24, 1997 to file a habeas petition in a case decided prior to April 24, 1996. [37]

The AEDPA's statute of limitations is subject to equitable tolling,[38] "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."[39] Equitable tolling is granted "sparingly."[40] A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."[41] Although the Sixth Circuit previously used a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland v. Florida*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply.[42]

---

[37] *See, e.g., Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *Artuz v. Bennett*, 531 U.S. 4, 6 (2000) (recognizing Appellate Courts' decisions to allow one-year AEDPA grace period).
[38] *See Holland v. Florida*, 560 U.S. 631, 646 (2010).
[39] *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S.Ct. 187 (2012).
[40] *Id.* (quoting *Robertson*, 624 F.3d at 784).
[41] *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace*, 544 U.S. at 418.
[42] *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 456 (2011)).

A particular way a petitioner can establish he is entitled to equitable tolling is through a showing of actual innocence.[43] As with equitable tolling generally, the burden is on the petitioner to establish actual innocence.[44]

### B. Application of standard – Turner's petition should be dismissed as untimely.

**Statutory tolling.** The limitations clock for Turner's habeas case started tolling 30 days after his conviction and sentence. The relevant journal entry of Turner's conviction was filed August 11, 1982.[45] Turner had 30 days to seek review, but did not do so until he filed a delayed direct appeal in 2015.[46] An appeal that the state court determines to be untimely is not "properly filed" and therefore does not pause or revive the clock.[47] Here, the clock that expired on September 10, 1982 was never paused or revived.

Since Turner's 1982 conviction predates the AEDPA, he was eligible for the one-year grace period. Turner was eligible to timely file a habeas corpus petition until April 24, 1997. Instead, he filed his first habeas corpus petition in 2016, nearly 20 years late. An expired clock cannot be revived.[48] Turner filed nothing between April 24, 1996 and April 24, 1997. The fact that Turner, years later, eventually filed a petition does not allow for statutory tolling since he missed the extended April 1997 deadline.

**Equitable tolling.** Nor should Turner's statutory deadline be extended by equitable tolling. Turner has not established either of the two parts of the *Holland v. Florida* equitable

---

[43] *McQuiggin v. Perkins*, 569 U.S. 383 (2013).
[44] *Id.* at 396.
[45] ECF #8-1 at 62.
[46] *Id.* at 64.
[47] *Allen*, 552 U.S. at 7 (2007).
[48] *Vroman*, 346 F.3d at 602.

tolling test. Turner has not been diligently pursuing his rights: he filed nothing for over 30 years after his conviction. Nor has Turner showed there were extraordinary circumstances at play. The burden is on the petitioner to establish such circumstances,[49] and Turner is silent in his pleading regarding any extraordinary circumstances. Turner is likewise silent about actual innocence.

The federal habeas one-year limitations period expired for Turner in April of 1997, one year after the AEDPA was passed. His already lapsed one-year clock cannot be restarted by delayed appeals, and he has not established grounds for equitable tolling.

## Conclusion

For the reasons stated, the *pro se* petition of Michael Turner for a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed.

IT IS SO RECOMMENDED.

Dated: July 13, 2020                                s/William H. Baughman Jr.
                                                    United States Magistrate Judge

---

[49] *McQuiggin*, 569 U.S. 383 at 396.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[50]

---

[50] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).